WILLIAM W. ROPE *et al.*, Respondents, *v.* EVA HESS, Impleaded, etc., Appellant.

*Court of Appeals, December* 20, 1889.

Reversing 43 Hun, 638, Mem.

1. *Appeal. Exception.*—The court of appeals cannot review the decision of a referee, upon the merits, where no exception has been taken to his findings.

2. *Evidence. Agency.*—Where, in an action to enforce mechanics' liens, the agency of the owner's husband to act for her in the transaction of the business was asserted by the claimants and denied by the owner, and the case was tried upon the assumption that the right of recovery was dependent upon the existence of such authority, the exclusion of the testimony of the alleged agent in support of the owner's contention, upon the objection of the claimants, is error, and an exception thereto by the owner entitles her to a reversal of the judgment.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*George H. Yeaman*, for appellant.

*F. P. Bellamy*, for respondents.

PARKER, J.—This action was brought to enforce certain mechanics' liens filed against the property of the defendant Eva Hess. It resulted in a judgment in favor of the plaintiff and the defendants, other than Eva Hess and Herman Hummell, declaring certain mechanics' liens filed by them against her property valid. The defendant McDonald also obtained a personal judgment against such defendant. Eva Hess made a contract in writing with the defendant Herman Hummell for the erection of a house at the agreed price of $4,500.00, payable in instalments as the work progressed. The plaintiff, and the other defendants claiming to be lienors, were sub-contractors under Hummell. Before the

filing of either of the liens adjudged in this action to be valid, Mrs. Hess paid to the contractor, Hummell, the full amount due him under the contract. The referee found that such payment did not constitute a bar to the recovery on the part of the several persons who filed liens. For "that the last payment of $1,300 made by the defendant Eva Hess to the defendant Hummell was made in violation of the express promise of said defendant Hess, in bad faith, by collusion and in violation of the rights of the various lienors parties to this action, and for the purpose of defeating the provisions of the mechanic's lien law in such cases provided." No exception appears to have been taken by the defendant Hess to the findings of the referee. We cannot, therefore, review his decision upon the merits.

During the trial the plaintiff and the defendant lienors were permitted to prove, against the objection of the defendant Hess, statements made by Benedict Hess, the husband of the owner, in conversations which they claim to have had with him relating to the payment of their claims. This evidence was adduced for the purpose of basing thereon, in part at least, the finding that the payment to Hummell was made collusively and in disregard of the rights of the claimants. Objection was seasonably taken, but the referee admitted it conditioned that plaintiff should show that Benedict Hess represented the owner at the time of such conversations. Thereafter the claimants proved a number of facts and circumstances which it was insisted permitted the referee to infer agency. The referee subsequently found as a fact " that during the period of the construction of said premises, No. 56 Moore street, one Benedict Hess, the husband of the defendant Eva Hess, by the authority of said defendant Eva Hess, acted as her agent with respect to all matters connected with said building and the construction thereof." He also found as a conclusion of law " that Benedict Hess, in dealing with the various lienors,

\* \* \* acted in behalf of the defendant Hess, and with her authority and consent."

The question as to whether Benedict Hess was the agent of the owner and entitled to speak for her was one of the questions litigated. The case was tried upon the assumption that the right of recovery was dependent upon proof warranting a finding that such relation existed. Agency was asserted by the claimants and denied by the owner. Upon that issue the owner called the alleged agent. By appropriate and competent questions she sought to elicit testimony in support of her contention. The evidence was excluded upon the objection of the claimants, and the exception taken thereto entitles the owner to a reversal of the judgment.

The judgment should be reversed.

All concur.